IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Luis Alberto Richie and Jesus Ritchie Estrada, | ) |
| Plaintiffs, | ) **ORDER** |
| vs. | ) Case No. 1:24-cv-248 |
| Marco Rubio, Secretary, U.S. Department of State; Rafael Foley, Consul General, U.S. Consulate in Ciudad Juarez; Mark Coolidge, Deputy Chief of Mission, U.S. Embassy Mexico; The United States; Kristi Noem, Secretary of Homeland Security,[1] | ) |
| Defendants. | ) |

Before the court is a "Motion to Transfer Venue to the United States District Court for the District of Columbia" filed by Plaintiffs on April 22, 2025. (Doc. No. 13). Attached to the motion is a stipulation in which Defendants state that they do not object to the transfer of this action to the District of Columbia. (Doc. No. 13-1). For the reasons that follow, Plaintiffs' motion is granted.

Plaintiffs initiated the above-captioned action with the filing of a Complaint for Injunctive and Mandamus Relief on December 10, 2024. (Doc. No. 1). Taking issue with the denial of their respective VISA applications, they assert the stated basis for the denials lacks evidentiary support and that they were denied due process.

Plaintiffs have filed notice of their consent to the magistrate judge's exercise of jurisdiction over this matter. (Doc. No. 8). Defendants have executed a stipulation regarding Plaintiff's motion

---

[1] Secretary of State Rubio and Secretary of Homeland Security are automatically substituted in place of their of their predecessors, Antony Blinken and Alejandro Mayorkas, pursuant to Fed. R. Civ. P. 25(d).

but at present not filed notice of their consent to magistrate judge jurisdiction.

Generally, 28 U.S.C. § 636(b)(1)(A) allows for the designation of a magistrate judge to determine any pretrial matter except for certain dispositive motions. D.N.D. Civ. L.R. 72.1 accords magistrate judges in this district virtually the same authority. Transfers of venue in a case are not one of the named exceptions in the statute or the local rule.

There is a split of authority as to whether the transfer of venue is dispositive and by extension whether, in the absence of the parties' mutual consent to the magistrate judge's exercise of jurisdiction, a magistrate judge has the authority to rule on motion for transfer of venue as opposed to issue a Report and Recommendation. Compare Exmark Mfg. Co. Inc. v. Briggs & Stratton Corp., No. 8:10CV187, 2018 WL 3477965, at *1 (D. Neb. July 19, 2018) (suggesting that motions to transfer venue are nondispositive pretrial motions and reviewing magistrate judge order on transferring venue for clear error); Turnmeyer-Cook v. Winnebago Indus., Inc., No. 16-CV-3088-LTS, 2016 WL 6080202, at *4 (N.D. Iowa Oct. 17, 2016) (holding that motions to remand are nondispositive pretrial motions and that they may be decided by magistrate judges); Alessandra v. Colvin, No. 12CV397A, 2013 WL 4046295, at *2 (W.D.N.Y. Aug. 8, 2013) ("A motion for change of venue is a non-dispositive pretrial matter which this Court may decide pursuant to 28 U.S.C. § 636(b)(1)(A) by Order; that is, this motion is within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion." (internal quotation marks omitted)); Silong v. United States, 2006 WL 948048, at * 1 n. 1 (M.D.Fla. Apr. 12, 2006) ("A motion to transfer venue involves a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)."); with Cott Corp. v. Decas Botanical Synergies, LLC, No. 11CV552A, 2011

WL 9082627, at *4 (W.D.N.Y. Dec. 23, 2011), report and recommendation adopted, No. 11-CV-552A, 2012 WL 4120375 (W.D.N.Y. Sept. 19, 2012) (stating that motions for remand are not simply "pretrial matters" but rather are dispositive under 28 U.S.C. § 636(b)(1) (A) for Magistrate Judge jurisdictional purposes); ICHL, LLC v. NEC Corp. of Am., No. 5:08CV175, 2009 WL 1748573, at *1 (E.D. Tex. June 19, 2009) (treating a change of venue as a dispositive decision to be made by a district judge); Payton v. Saginaw Country Jail, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010) (treating a motion to transfer venue of a case between divisions within the district court a matter).

A change of venue in the present context does not appear to be dispositive. The grant of Plaintiffs' motion will result in the transfer of this case to another district. It does not constitute a ruling on the merits or even a determination of federal jurisdiction. The weight of the most recent court opinions supports this reasoning. Consequently, the undersigned shall decide Plaintiffs' motion rather than directing that this matter be reassigned to a district court judge and issue a Report & Recommendation for disposition.

Under 28 U.S.C. § 1391(e)(1), a plaintiff may bring "a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States" "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

Plaintiffs acknowledge this case is not properly venued in the District of North Dakota as

the conduct giving rise to their claims did not occur in the District of North Dakota, they do not reside in the District of North Dakota, and that this case does not involve real property. They go on to assert the District of Columbia is the proper venue for this action as it the judicial district in which Defendants reside. See Chorostecki v. Blinken, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes, and that venue does not lie in every district where a federal agency has an office."). Having carefully reviewed Plaintiffs' motion, the attached stipulation, and relevant case law, the court agrees.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The undersigned finds that the interests of justice favor the transfer of this case to the District of Columbia.

Accordingly, the court **GRANTS** Plaintiffs' motion (Doc. No. 13). The above-captioned action shall be transferred to the United States District Court for the District of Columbia.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2025.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court